IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEYLAN FRANKLIN KNAPP,

        Petitioner,

    v.

FRANK THOMPSON,

        Respondent.

Civil No. 07-1226-JE

FINDINGS AND RECOMMENDATION

    Thomas J. Hester
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jacqueline Sadker
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the computation of his state court sentence arising from his convictions for Robbery in the First Degree. For the reasons that follow, the Petition for Writ of Habeas Corpus (#2) should be denied.

## BACKGROUND

On August 24, 1999, petitioner pled guilty to two counts of Robbery in the First Degree leading to concurrent 90-month prison sentences. Respondent's Exhibit 101. At the time petitioner entered his plea, all parties involved agreed that he would receive 223 days credit for time he previously served in the Washington County Jail. However, when the Oregon Department of Corrections ("ODOC") calculated his sentence, it awarded him only three days of credit for time served. ODOC did not allocate the 223 days from the Washington County Jail to petitioner's Robbery sentences because it had already been counted toward an unrelated conviction for Felon in Possession of a Firearm in Yamhill County, a fact which the trial judge ("Judge Nachtigal"), the prosecutor, and defense counsel were unaware of at the time petitioner entered his plea agreement. Respondent's Exhibit 101; Respondent's Exhibit 104, App. 3, p. 11.

Petitioner first complained about ODOC's calculation of his sentence to the trial court on September 30, 2002, more than three

2 - FINDINGS AND RECOMMENDATION

years after he entered his plea. As a result, on December 16, 2002 the trial court issued an Order Granting Credit for Time Served which stated "Defendant is to be granted 223 days credit for time served in county custody. The Sheriff shall forward to the Department of Corrections a statement of credit for time served in accordance with this order." Respondent's Exhibit 110. ODOC, however, continued to not credit petitioner for that time on this sentence.

Approximately three years later, on December 1, 2005, petitioner filed a Motion to Modify Judgment with the trial court complaining that ODOC still had not credited him for the 223 days and asking to withdraw his guilty plea. Respondent's Exhibit 104, App. 4, pp. 1, 11. The trial court denied the motion on February 22, 2006, noting the following:

> As much as I dislike what's happened, perhaps in 2002 we could have done something, perhaps in 1999 when the first problem arose and Mr. Knapp knew about the problem then, maybe there were some things that could've been done to try to set this matter right, but at this point, the orders are final, with the exception of perhaps a habeas action. There isn't much left and within the State does need to be finality to the orders, and I think we're too late to be able to resolve this problem and to set aside the plea. So I'm denying the motion to set aside the plea.

*Id.*

On August 8, 2006, Judge Nachtigal signed an Amended Judgment. Respondent's Exhibit 109. The Amended Judgment did **not** indicate

3 - FINDINGS AND RECOMMENDATION

that petitioner should be credited with 223 days credit for time served. Two days later, petitioner filed a mandamus action in Marion County seeking an Order compelling the appropriate official at ODOC to recalculate his sentence to give him credit for the 223 days of time he served in the Washington County Jail. The Marion County Circuit Court summarily denied the Petition. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *State ex rel. Knapp v. Pierson*, 211 Or. App. 435, 155 P.3d 891, *rev. denied*, 343 Or. 33, 161 P.3d 943 (2007). The appellate judgment issued on March 21, 2007. Respondent's Exhibit 108.

On August 17, 2007, petitioner filed this federal habeas corpus action. He alleges that the failure of respondent to award him 223 days of credit for time served violates his right to due process of law. Respondent argues that this case is untimely, and that petitioner's claim lacks merit.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted on April 24, 1996. AEDPA provides that a one-year statute of limitations applies to federal habeas corpus actions filed by state prisoners. The one-year period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4 - FINDINGS AND RECOMMENDATION

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. 2244(d)(1).

In this case, petitioner does not challenge the validity of his judgment. Instead, he asserts that ODOC failed to properly calculate his sentence to give him credit for time served as contemplated by the parties at sentencing.

AEDPA's one-year limitation period "applies to all habeas petitions filed by persons in custody pursuant to the judgment of a State court, even if the petition challenges an administrative decision rather than a state court judgment." *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004) (internal quotation omitted). Where an administrative decision is at issue, § 2244(d)(1)(D) governs the date on which the limitation period began to run. *Id* at 1066. Consequently, AEDPA's one-year statute of limitations began running from the date on which the factual predicate of petitioner's claim could have been discovered through the exercise of due diligence.

5 - FINDINGS AND RECOMMENDATION

The record reveals the precise date on which petitioner was alerted of the allegedly erroneous sentence computation. During the February 22, 2006 hearing on petitioner's Motion to Modify Judgment, the Judge determined from the record that "the time computation sheet was done and delivered on the 7th of September of 1999, so within two months of the sentence the time computation problem apparently was coming to the surface." Respondent's Exhibit 104, Att. 4, p. 10. The prosecutor was able to produce a February, 2000 letter petitioner wrote to the prosecuting attorney, with a copy to defense counsel, complaining about his sentence computation. *Id.* The first time petitioner brought the matter to Judge Nachtigal's attention was September 30, 2002, when he sent her correspondence which included the "time computation letter of the 31st of August of 1999 delivered on the 7th day of September 1999." *Id* at 11. It is therefore apparent from the record that petitioner became aware of the issue on September 7, 1999, but did not seek any relief from any court for a period of three years. Consequently, even assuming petitioner's letter to Judge Nachtigal in 2002 could serve to toll AEDPA's statute of limitations, he had already missed the limitation period by approximately two years.

Even if the trial court's December 16, 2002 Order granting petitioner with credit for time served somehow served to reset AEDPA's statute of limitations, petitioner did not act upon the failure of ODOC to recalculate his sentence until he filed his

6 - FINDINGS AND RECOMMENDATION

Motion to Modify Judgment approximately three years later. For all of these reasons, it is clear that petitioner breached AEDPA's statute of limitations.[1]

### RECOMMENDATION

The Petition for Writ of Habeas Corpus (#2) should be DISMISSED with prejudice on the basis that it is untimely.

### SCHEDULING ORDER

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determination(s) of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue(s), and will constitute a waiver

---

[1] Even if petitioner had timely filed this case, he would only be entitled to habeas relief if the Department of Corrections attempted to hold him longer than the term specified in the sentencing Judgment. Under Oregon's sentencing scheme, it is generally the Corrections Division, not the court, which calculates credit for prior time served. ORS 137.320(3). However, it is the Judgment that actually authorizes the confinement, and the Corrections Division must comply with the terms of a Judgment even if it disagrees with its contents. Here, however, the original Judgment and the Amended Judgment both specified a 90-month term. An Order directed to the Sheriff does not impose the same legal limitations on the Corrections Division as a sentencing Judgment.

7 - FINDINGS AND RECOMMENDATION

of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

    DATED this <u>20th</u> day of November, 2009.

                                      <u>/s/ John Jelderks</u>
                                      John Jelderks
                                      United States Magistrate Judge